**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KENNETH ADAMS,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:88-cr-0046 |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kenneth Adam's "Motion for Compassionate Reduction of Sentence" (Dkt. 70) (the "Motion"). Mr. Adams, proceeding *pro se*, seeks a reduction of his sentence under 18 U.S.C. §§ 3582(c)(1) and 3582(c)(2). Dkt. 70. In essence, this is the fifth motion for compassionate release that Mr. Adams has filed. The United States opposes the Motion. *See* Dkt. 78. After reviewing the Motion (Dkt. 70), the United States' Opposition (Dkt. 78), and Mr. Adam's Reply (Dkt. 81), the Court finds that Mr. Adams is not entitled to the relief he seeks. Accordingly, the Court **DENIES** the Motion.

### I. BACKGROUND

On April 19, 1988, a jury found Mr. Adams guilty of second-degree murder, under 18 U.S.C. § 1111, and possession of an unauthorized weapon, under 18 U.S.C. § 13, assimilating Va. Code § 53.1-203(4). *See* Dkt. 61 at 1. The acts underlying Mr. Adams' conviction occurred at Lorton Reformatory facility in Lorton, Virginia. There, Mr. Adams was serving a term of imprisonment for burglary, felony murder, and robbery committed in the District of Columbia. Mr. Adams was found to be a career offender based on a 1976 robbery conviction and the 1977 D.C. murder conviction and related charges. *See* Dkts. 78-4, 80-4 at 4.

Judge T.S. Ellis III sentenced Mr. Adams to 360 months of imprisonment for the 1988 murder conviction and 36 months for the unauthorized weapon conviction, which were to run concurrently to each other but consecutively to Mr. Adam's prior D.C. sentences. Dkt. 61 at 1-2. In April 2002, Mr. Adams was paroled from his D.C. sentences and began serving time for the second murder and weapons charge. *Id.* at 2.

On December 5, 2024, Mr. Adams filed the instant motion—as stated, his fifth motion for compassionate release. *See* Dkt. 70. All four previous motions were denied by Judge Ellis, Mr. Adam's sentencing judge. Dkts. 28, 32, 39, 61. In the instant motion, Mr. Adams requests relief under § 3582(c)(1) and (c)(2) arguing that he has an "unusually long sentence" under U.S.S.G. § 1B1.13(b)(6). Dkt. 70 at 5-8. Mr. Adams also cites the COVID-19 pandemic[1] and his physical ailments and inability to care for himself in several regards as additional bases for granting him relief under U.S.S.G. § 1B1.13(b)(1)(C). *Id.* at 8-11.

## II. LEGAL STANDARD

Generally, a court may not "modify a term of imprisonment once it has been imposed." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022) (quoting 18 U.S.C. § 3582(c)). "Compassionate release is an exception to this rule." *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022). A defendant may move a district court to reduce their term of imprisonment "if the Court finds that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

[1] In three prior compassionate release motions, Mr. Adams has raised, and been denied, relief on the basis that the COVID-19 pandemic is an extraordinary and compelling reason for his release. This Court again finds that the COVID-19 pandemic is not an extraordinary and compelling reason for Mr. Adam's release for the reasons stated by Judge Ellis. *See* Dkt. 32 at 5, 39 at 6-8, 61 at 8-9.

In reviewing the compassionate relief motion, the court will conduct a two-prong analysis. *Centeno-Morales*, 90 F.4th at 279. "First, the court must determine that the prisoner is eligible for a sentence reduction because he has shown 'extraordinary and compelling reasons' for release." *Id.* (quoting *Hargrove*, 30 F.4th 189, 194-95). Though "extraordinary and compelling" is not defined by statute, Congress stated that a court may reduce a defendant's sentence under § 3582(c)(1)(A) if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission has published guidelines outlining various circumstances where extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13. Relevant here, § 1B1.13(b)(6) provides that extraordinary and compelling reasons exist where there is an "unusually long sentence," under which a defendant has served at least 10 years, and an intervening change in law would produce "a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." Additionally, § 1B1.13(b)(1)(B)(iii) provides that extraordinary and compelling reasons exist where the defendant is "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."

Second, "[a]fter a district court finds that an extraordinary and compelling reason for sentence modification exists, it must then reevaluate the relevant 18 U.S.C. § 3553(a) factors." *Centeno-Morales*, 90 F.4th at 279. "A movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *Id.*

## III. ANALYSIS

Mr. Adams has failed to show that extraordinary and compelling reasons exist for his release, and even if they did, he has failed to show that the § 3553(a) factors favor his release. First, his sentence is not unusually long given that he is responsible for two murders, one of which was committed while serving time for the first. Additionally, Mr. Adams does not point to any intervening change in the law that would produce a gross disparity in his original sentence if he were sentenced again today. Second, although Mr. Adam's physical deterioration and inability to care for himself is documented,[2] even assuming his physical ailments constitute extraordinary and compelling reasons, the § 3553(a) factors continue to weigh against his early release.

Mr. Adams purports to quote from portions of his 1988 sentencing with Judge Ellis to indicate that Judge Ellis "promise[d] to reduce [his sentence] if the application of the guidelines or his sentence became unconstitutional." Dkt. 70 at 5. This, however, fails. Mr. Adams conflates the Armed Career Criminal Act ("ACCA"), which does not apply to him, to his sentencing guidelines classification as a career offender under U.S.S.G. § 4B1.1. As such, the cases Mr. Adams cites have no bearing here. The Fourth Circuit's decision in *United States v. Redd*, which held that first-degree assault under Maryland law was not an ACCA predicate crime, is irrelevant here. 85 F.4th 153, 160 (4th Cir. 2023). The same is true of *Erlinger v. United States*, 602 U.S. 821 (2024), which extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to sentencing enhancements under the ACCA.

In ruling on a prior compassionate release motion, Judge Ellis considered the length of Mr. Adam's sentence and found that Mr. Adams highlighted "no disparity between the sentence he received for his conviction in this case in 1988 and the available sentence if defendant were to be

---

[2] *See* Bureau of Prison Medical Records, filed under seal at Dkts. 80, 80-1, 80-2.

sentenced today." Dkt. 61 at 9. Judge Ellis further pointed to data from the United States Sentencing Commission indicating that Defendant's sentence was only two years longer than the average sentence for murder in the Eastern District of Virginia, as of 2020. He noted that "in this case, there are certainly aggravating circumstances that justify a lengthier sentence — including the fact that defendant committed the murder while incarcerated for a prior murder conviction." *Id.* at 10 n.7. Mr. Adams raises no new grounds here. Accordingly, Mr. Adams fails to show his sentence is unusually long and fails to identify an intervening change of law that would raise a gross disparity in his sentence. *See* U.S.S.G. § 1B1.13(b)(6).

While it is true that Mr. Adams has become unable to care for himself in certain regards, such as using the restroom by himself, this makes no difference for him as the § 3553(a) factors continue to weigh heavily against his release. *See* Dkt. 70 at 8-9, 11. In considering the nature and seriousness of the offense, Mr. Adams murdered another inmate while Mr. Adams was serving his sentence for a separate murder Mr. Adams committed. Thus, his conduct was extremely aggravating and he proved to be a danger even while incarcerated. Thus, Mr. Adams' history and characteristics warrant a lengthy sentence and continued imprisonment. A reduction in Mr. Adams' sentence would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. As a result, the § 3553(a) factors do not support Mr. Adams' release.

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion for Compassionate Reduction of Sentence (Dkt. 70) is **DENIED**; and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Dkt. 72) is **DENIED as moot**.

The Clerk is directed to a mail a copy of this order to Defendant, who is proceeding *pro se*.

Entered this 27th of August, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge